FILED
United States Court of Appeals
Tenth Circuit

October 24, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHRISTOPHER MICHAEL HALE,

Plaintiff-Appellant,

v.

THE GEO GROUP, INC.; N.M. CORRS.
DEP'T; ISSAC GUERRA; TOM
PERRY; JESSICA VIGIL; DAVID N.
EASTRIDGE; TOMMY ARCHULETA;
ROBERT FELIX; PHIL ARAGON;
RUSSELL HONEA; SAMUEL
CHRISTIE; GREGORY MITCHELL,

Defendants-Appellees.

No. 13-2146
(D.C. No. 1:11-CV-00128-RB-SMV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Plaintiff Christopher Michael Hale, while a prisoner of the State of New

Mexico, filed a 42 U.S.C. § 1983 action alleging interference with religious exercise,

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

denial of medical care after being sprayed with mace, retaliation for filing grievances, and excessive force while incarcerated. He appeals from the district court's orders dismissing his claims against defendants GEO Group and the New Mexico Department of Corrections and granting summary judgment to the remaining defendants. We have jurisdiction under 28 U.S.C. § 1291 and dismiss the appeal as frivolous. We also deny Mr. Hale's motion for leave to proceed on appeal in forma pauperis (IFP).

Because Mr. Hale appears pro se, we construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (discussing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)). But this court will not act as a pro se litigant's advocate. Id. "Thus, although we make some allowances for 'the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,' . . ., the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (brackets omitted) (quoting Hall, 935 F.2d at 1110).

The district court's July 11, 2011, September 28, 2012, and July 26, 2013, orders contain a thorough and well-organized analysis of Mr. Hale's claims. Mr. Hale's arguments on appeal, however, are merely conclusory statements, *e.g.* "Issue 1: Assault by Capt. Mitchell." Aplt. Opening Br. at 3. Further, although Hale

named several individuals as defendants, his appeal brief refers to only two of those defendants--Mitchell and Perry. See id. at 2. Finally, Mr. Hale fails to develop any argument demonstrating that the district court's rationale is faulty.

Under these circumstances, we conclude this appeal is frivolous. Consequently, we deny Mr. Hale's motion for IFP due to his failure to raise a nonfrivolous issue on appeal. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991). Further, because Mr. Hale was incarcerated when he filed his notice of appeal, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, applies and Mr. Hale is "required to pay the full amount of [the] filing fee." 28 U.S.C. § 1915(b)(1). See also Brown v. Eppler, 725 F.3d 1221, 1230 (10th Cir. 2013).

The appeal is dismissed. Mr. Hale's motion for leave to proceed IFP on appeal is denied, and he is directed to pay the full $505.00 appellate filing fee forthwith.

Entered for the Court


Nancy L. Moritz
Circuit Judge